UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EDWARD D. CALLIGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-0737 PS |
| ) | |
| EDDIE BUSS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Petitioner Edwin Calligan filed a notice of appeal, a petition to proceed *in forma pauperis* on appeal, and a request for a Certificate of Appealability in this case. To obtain a Certificate of Appealability, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)). *See also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). The court's discretion on whether to grant or deny a Certificate of Appealability is the best vehicle of separating meritorious from frivolous appeals. *Barefoot v. Estelle*, 463 U.S. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga. 1980)). *See also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir.), *cert. denied*, 382 U.S. 945 (1965).

This court denied Mr. Calligan's petition because it concluded that the Indiana courts had correctly applied established federal law in adjudicating his ineffective assistance of counsel claims, and did not make an unreasonable determination of the facts in light of the facts contained in the state court record. Nothing in Mr. Calligan's petition for certification of appealability casts doubt on that conclusion, and the issue does not present a question that is debatable among jurists of reason. S*ee Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). Mr. Calligan's argument is not adequate to deserve encouragement to proceed further. Where the court denies a certificate of appealability because petition was without merit, then it should deny *in forma pauperis* status on appeal because the appeal is not taken in good faith. *See Walker v. O'Brien*, 216 F.3d 626,632 (7th Cir. 2000).

For the foregoing reasons, the court **DENIES** the petitioner's motion for a Certificate of Appealability (docket #37) pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, and **DENIES** his motion for leave to appeal *in forma pauperis* (docket #35). The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, the applicant for the writ may then request issuance of the certificate by a circuit judge.

**SO ORDERED.**

**DATED**: August 14, 2007

**s/ Philip P. Simon**
Philip P. Simon, Judge
United States District Court
